## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 21-80165-BPC |
| | Chapter 7 |
| SEMANTHA SANTANGELO, | |
|     Debtor. | |
| _____ | |
| SEMANTHA SANTANGELO, | |
|     Plaintiff, | |
| v. | Adv. Proc. 22-08002-BPC |
| RICHARD CLARVIT, | |
| LILAS AYUNDEH, | |
|     Defendants. | |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING COMPLAINT

Plaintiff filed this proceeding alleging violations of the Discharge Order in response to Defendants' efforts to distribute settlement proceeds. Defendants filed a Motion to Dismiss Plaintiff's Complaint (Doc. 13) arguing that their actions were not in violation of the Discharge Order because the settlement proceeds were held in trust and were subject to a charging lien. At the initial hearing on the Motion to Dismiss, Plaintiff and Defendants made arguments and relied on materials outside the pleadings. In order to review those materials, the Court converted the Motion to Dismiss to one for summary judgment and gave the parties additional time to brief the issues and present any additional pertinent material. (Doc. 24). For the reasons set forth below, Defendants' Motion for Summary Judgment is due to be GRANTED.

**I.    JURISDICTION**

This Court has jurisdiction to hear adversary proceedings alleging violations of a discharge order pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b)(2). This Court does not have

1

jurisdiction over the Fair Debt Collection Practices Act claims asserted by Plaintiff. *In re Shortsleeve*, 349 B.R. 297, 300 (Bankr. M.D. Ala. 2006). This is a final order.

## II. FACTS

Prior to filing a Chapter 7 bankruptcy petition, Plaintiff hired Defendant Richard Clarvit ("Clarvit") as counsel in a state court defamation action. (Doc. 1). The representation agreement between Plaintiff and Clarvit included a provision for attorney fees contingent on a recovery. *Id.* In 2019, the defamation action settled for $14,000 in favor of Plaintiff. *Id.* An initial disbursement of $5,000 was paid to Plaintiff on the day of the settlement. *Id.* The remaining settlement proceeds were paid in increments to Defendant Lilas Ayundeh ("Ayundeh") who held the funds in trust. *Id.*

The settlement proceeds remained in trust when Plaintiff filed her Chapter 7 bankruptcy petition in March of 2021. *Id.* In her Schedules, Plaintiff listed the $9,000 of undisbursed settlement proceeds as an asset. *Id.* Plaintiff's Schedules also listed both Defendants as creditors with unsecured claims in the form of attorney fees. *Id.* Plaintiff exempted the remaining settlement proceeds, and the Chapter 7 trustee abandoned the bankruptcy estate's interest in the proceeds. *Id.* Plaintiff received a discharge, and her case was closed on July 6, 2021. *Id.*

In August of 2021, Plaintiff moved to reopen her Chapter 7 case to compel Defendants to release the remaining settlement proceeds held in trust. (BK Doc. 36; 21-80165). The Court denied the motion because, prior to Plaintiff's discharge, the Chapter 7 trustee abandoned any interest the bankruptcy estate had in the proceeds based on Plaintiff's claimed exemptions. (BK Doc. 41). In October of 2021, Clarvit filed a Motion to Compel in the 15th Judicial Circuit of Florida ("State Court"). (Doc. 1). The State Court entered an order finding that Clarvit held a valid and enforceable lien on the settlement proceeds (the "State Court Order"). (Doc. 13); (Doc. 19).

2

Proceeding pro se, Plaintiff filed the instant Complaint against Defendants alleging violations of the Discharge Order along with violations of the Fair Debt Collections Practices Act ("FDCPA"). (Doc. 1). Plaintiff alleges that Defendants violated the Discharge Order by failing to release the remaining settlement proceeds held in trust following Plaintiff's Chapter 7 discharge and by seeking enforcement of a charging lien in State Court. *Id.* Plaintiff also asserts that, by failing to release the settlement funds held in trust following Plaintiff's discharge, Defendants violated the FDCPA. *Id.*

Defendants filed a Motion to Dismiss in response to Plaintiff's Complaint. (Doc. 13). Defendants argue that Ayundeh was not a creditor to Plaintiff, and that she only held the settlement funds in trust for the purpose of disbursing the proceeds to Plaintiff and Clarvit. *Id.* Defendants also contend that, pursuant to the State Court Order, Clarvit held a valid and enforceable charging lien on the settlement funds that was unaffected by Plaintiff's bankruptcy, and thus, the *in rem* action enforcing the lien against the settlement proceeds did not violate the discharge injunction. *Id.*

Plaintiff filed a Response to the Motion to Dismiss asserting that the ruling in the State Court was improper. (Doc. 19). The Court held a hearing on the Motion to Dismiss where both parties referenced exhibits in their arguments. Thereafter, the Court converted the Motion to Dismiss to one for summary judgment pursuant to FED. R. CIV. P. 12(d). (Doc. 24). After notice, both parties submitted briefs, and the Court took the matter under advisement. (Doc. 27); (Doc. 34). Since that time, Plaintiff filed a notice informing the Court that she moved to vacate the State Court Order. (Doc. 42).

3

Case 22-08002    Doc 43    Filed 08/04/22    Entered 08/04/22 17:15:23    Desc Main
             Document      Page 3 of 11

## III. LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, states that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; FED. R. BANKR. P. 7056. The movant bears the initial burden to show that no genuine dispute of material fact exists. *Hall v. Sawyer*, No. 21-11778, 2022 WL 152235, at *1 (11th Cir. Jan. 18, 2022). A dispute of fact is "genuine if the evidence is such that a reasonable jury could return a verdict for the non-movant." *Id.* To determine if a dispute of fact is "material," a court asks whether the dispute may "affect the outcome of the case." *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). The dispute referred to in Rule 56(c) must be significant because "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).

When, like here, the nonmoving party bears the burden of proof at trial, a party moving for summary judgment may discharge its responsibility to show no genuine disputes of fact "by showing that there is an absence of evidence to support the nonmoving party's case or by showing that the nonmoving party will be unable to prove its case at trial." *In re Lett*, No. 10-61451-BEM, 2021 WL 4256375, at *1 (Bankr. N.D. Ga. Sept. 8, 2021) (quoting *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004)). Thus, while the Court construes Plaintiff's pro se filings liberally, even as nonmovant at the summary judgment stage, she must

4

still establish the essential elements to her claims.[1] Otherwise, summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV. LEGAL ANALYSIS AND CONCLUSIONS OF LAW

### A. Discharge Violation

A bankruptcy discharge is a court order that releases debtors from most pre-petition debts. 11 U.S.C. § 727(b). A discharge order also acts as an injunction, voiding a creditor's attempt to collect or determine a debtor's personal liability of a debt. 11 U.S.C. § 524(a)(1)-(2). However, while the discharge injunction extinguishes actions against a debtor *in personam*, it does not prohibit actions to enforce *in rem* claims against a debtor's property. *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991).

A creditor who violates the discharge order may only be held in civil contempt "if there is no fair ground of doubt as to whether the order barred the creditor's conduct." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019). This standard requires a court to first determine whether a creditor violated the discharge order. *In re Roth*, 935 F.3d 1270, 1276 (11th Cir. 2019). If the court determines a violation occurred, the court then determines whether there was an "objectively reasonable basis for concluding that the creditor's conduct might be lawful." *Taggart,* 139 S. Ct. at 1799. Ultimately, Plaintiff bears the burden of proving a discharge violation by clear and convincing evidence. *In re McLean*, 794 F.3d 1313, 1326 (11th Cir. 2015). At this summary

---

[1] Because Plaintiff is proceeding pro se, the Court construes her filings liberally. *Isaac v. IMRG*, 224 F. App'x 907, 909 (11th Cir. 2007) (citing *Faulk v. City of Orlando*, 731 F.2d 787 (11th Cir. 1984) for the general rule that federal courts are to "construe pro se filings liberally").

5

judgment stage, it is Defendants' burden to establish that the undisputed facts support Plaintiff would not be able to meet that burden.

The materials provided by both parties show that the State Court found Clarvit held a valid and enforceable charging lien secured by the settlement proceeds. However, Plaintiff disputes the underlying merits of the State Court decision, and Defendants contend the State Court ruling is binding on this Court. The Court recognizes that the *Rooker- Feldman* doctrine prevents this Court from reviewing the State Court's prior ruling.[2] Thus, while Plaintiff may disagree with the State Court's ultimate ruling, this Court must accept the State Court's finding that Clarvit held a valid and enforceable charging lien under Florida law in accordance with the Full Faith and Credit Act. 28 U.S.C. § 1738; *see In re Murray,* 442 B.R. 831, 833 (Bankr. M.D. Fla. 2010) (citing *In re Zoernack,* 289 B.R. at 229).

Under Florida law, an attorney's charging lien attaches to the recovery of a lawsuit and relates back to the commencement of services with a client. *In re Washington*, 242 F.3d 1320, 1323 (11th Cir. 2001). Additionally, a valid and enforceable charging lien is not avoidable under 11 U.S.C. § 522(f) because it is not a "judicial lien" since it arises "by operation of law in advance of judicial proceedings and thus is not 'obtained by judgment' as required for a judicial lien pursuant to [11 U.S.C.] § 101(31)." *Id.* Therefore, Clarvit's charging lien relates back to the commencement of services with Plaintiff, which occurred prior to Plaintiff filing her bankruptcy petition and survives Plaintiff's bankruptcy. *Id.; see also In re Banks*, 94 B.R. 772, 773 (Bankr. M.D. Fla. 1989) (stating that "[i]t is also well established that an attorney's lien survives bankruptcy") (internal citations omitted).

---

[2] The *Rooker-Feldman* doctrine limits a federal court's ability to review final judgments issued by state courts. *See In re Zoernack,* 289 B.R. 220, 230 (Bankr. M.D. Fla. 2003).

The post-discharge enforcement of a valid lien against property of the debtor does not violate the discharge injunction. *In re Maddox*, 530 B.R. 889, 892 (Bankr. M.D. Ala. 2015) (stating that the discharge injunction "does not bar acts of a secured creditor to exercise its rights to recover collateral"). The parties do not dispute that Clarvit pursued the action in State Court to enforce a pre-petition lien against settlement proceeds held in trust. Because this was an *in rem* action to enforce a valid lien and not an action to recover a debt as to the Plaintiff personally, Clarvit's actions were not prohibited by the discharge injunction. Thus, the Court finds that Defendants have met their burden by demonstrating there are no genuine disputes of material fact, and Plaintiff lacks essential elements to establish that Clarvit violated the discharge injunction.

Defendants also established that Plaintiff lacks sufficient evidence to prove Ayundeh committed an act to collect a debt against Plaintiff personally. Ayundeh does not assert an interest in the settlement proceeds nor was Ayundeh a legal party in the State Court proceeding. Plaintiff does not dispute that the only funds remaining in Ayundeh's possession are those that the State Court found were subject to Clarvit's charging lien. It cannot be said that Ayundeh violated the discharge injunction by maintaining possession of funds in which Plaintiff did not retain a property interest. *See generally In re Deutsch*, 533 B.R. 833, 836 (Bankr. S.D. Fla. 2015), aff'd sub nom. *Deutsch v. Denes*, No. 1:15-CV-22578-KMM, 2016 WL 932810 (S.D. Fla. Mar. 11, 2016). Even if Ayundeh holding settlement proceeds in trust could be categorized as an act to recover a debt, that act would not be an act to collect as to Plaintiff personally. Rather, because the action did not involve any collection from Plaintiff personally, Ayundeh's actions would be considered *in rem* actions as an agent of Clarvit. *See generally In re Vazquez*, 221 B.R. 222, 230 (Bankr. N.D. Ill. 1998) (discussing agent liability in discharge proceedings). Thus, the Court finds that Defendants

7

have met their burden by demonstrating no genuine disputes of material fact and that Plaintiff lacks essential elements to establish Ayundeh violated the discharge injunction.

Because the undisputed facts do not show that Defendants' actions violated the discharge injunction, it is not necessary for the Court to determine whether Defendants had an objectively reasonable basis for concluding their conduct was lawful under the Discharge Order. *See generally In re Roth*, 935 F.3d at 1276. Nevertheless, the undisputed facts demonstrate that Defendants had an objectively reasonable basis for concluding their actions would not violate the Discharge Order. Although a valid charging lien comes into existence at the commencement of services pursuant to Florida law, a dispute as to whether a charging lien is valid and enforceable requires court action. *See generally CK Regalia, LLC v. Thornton*, 159 So. 3d 358, 361 (Fla. Dist. Ct. App. 2015) (discussing the correct forum for disputes over the validity and enforceability of charging liens). Here, Clarvit was required to pursue an action to determine whether the pre-petition charging lien was valid and enforceable. Because the action in State Court did not create a new lien post-discharge, but instead determined the validity of a pre-petition charging lien, Clarvit had an objectively reasonable basis for concluding that the State Court action would not violate the Discharge Order.

Further, the facts show that, at the time of the alleged discharge violation, the settlement proceeds held in trust by Ayundeh were subject to dispute in both state and federal forums. An attorney is required to hold disputed funds in a separate trust until the dispute is resolved. *See generally First Am. Holdings, Inc. v. Preclude, Inc.*, 955 So. 2d 1231, 1235 (Fla. Dist. Ct. App. 2007). Accordingly, it follows that an attorney who merely remains in possession of disputed funds until the dispute is resolved has an objectively reasonable basis for concluding that such actions would not violate the Discharge Order. Moreover, this Court's analysis as to whether

8

Defendants' actions constitute an objectively reasonable interpretation of the Discharge Order would not be impacted by an alternative ruling from the State Court in response to Plaintiff's request to vacate the State Court Order.

### B. Fair Debt Collection Practices Act

Plaintiff also asserts several FDCPA claims against Defendants. Specifically, Plaintiff alleges Defendants violated the FDCPA by failing to release the settlement proceeds following Plaintiff's Chapter 7 discharge. However, Plaintiff's FDCPA claims are not property of the bankruptcy estate because the alleged actions giving rise to those claims occurred post-discharge and thus, the Court lacks jurisdiction to adjudicate Plaintiff's FDCPA claims. 11 U.S.C. § 541; 28 U.S.C. § 1334(b); 28 U.S.C. § 157; *In re Shortsleeve*, 349 B.R. at 300 (finding that post-petition FDCPA claims do not invoke a bankruptcy court's "arising under," "arising in," or "related to" jurisdiction). A bankruptcy court's subject matter jurisdiction is limited to title 11 cases and to proceedings "arising under," "arising in," or "related to" a title 11 case. *In re Toledo,* 170 F.3d 1340, 1344 (11th Cir.1999) (holding that a bankruptcy court's jurisdiction is derivative and dependent upon these three bases) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995)); *Transouth Financial Corp. v. Murry,* 311 B.R. 99 (M.D. Ala. 2004) (discussing the three prongs of bankruptcy court jurisdiction).

"Arising under" proceedings are those that invoke a substantive right created by the Bankruptcy Code. *In re Toledo,* 170 F.3d at 1345. The FDCPA claims do not invoke substantive rights created by the Bankruptcy Code. Thus, the Court cannot exercise subject matter jurisdiction over these claims by way of its "arising under" jurisdiction.

Similarly, the FDCPA claims do not fit under the "arising in" prong. Proceedings "arising in" a case under title 11 generally involve administrative-type matters or those "matters that could

9

arise only in bankruptcy." *In re Toledo,* 170 F.3d at 1345 (quoting *In re Wood,* 825 F.2d 90, 97 (5th Cir.1987)). Here, the FDCPA claims could be brought independently of a bankruptcy proceeding and are not administrative matters that could arise only in the bankruptcy context. Thus, the Court cannot exercise subject matter jurisdiction over these claims by way of its "arising in" jurisdiction.

Lastly, looking to "related to" jurisdiction, the Eleventh Circuit has held that the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. *In re Lemco Gypsum, Inc.,* 910 F.2d 784, 788 (11th Cir.1990). Because the FDCPA claims arose post-discharge and the prosecution of these claims, successful or otherwise, would have no conceivable impact on Plaintiff's bankruptcy estate, the Court cannot exercise jurisdiction through its "related to" jurisdiction. Thus, the FDCPA claims are due to be dismissed as this Court lacks jurisdiction to adjudicate those claims.

V. **CONCLUSION**

The Court finds that Defendants have met their burden and shown that the undisputed facts establish that Plaintiff would be unable to meet her burden at trial. There is an absence of evidence to support that Defendants' actions violated the Discharge Order. Accordingly, it is hereby

ORDERED that, based on the foregoing, Defendants' Motion for Summary Judgment is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice.

Done this 4th day of August, 2022.

Bess M. Parrish Creswell
United States Bankruptcy Judge

c: Debtor/Plaintiff, pro se
   Richard Shinbaum, Attorney for Defendants
   Richard Clarvit, Defendant
   Lilas Ayundeh, Defendant